**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prestige Administration, Inc., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>US Fidelis, Inc., a Missouri corporation; et al.,<br><br>Defendants. | No. CV09-1804-PHX-DGC<br><br>**ORDER** |

Defendant Mepco Finance Corporation ("Mepco") filed a motion to dismiss Prestige Administration's amended complaint against it pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #34. The motion is fully briefed. Dkt. ##36, 51. Neither party requested oral argument. For the reasons stated, the Court will grant the motion. The Court will also grant Plaintiff leave to amend the complaint to correct the deficiencies discussed below.

**I.      Background.**

Plaintiff manufactures, distributes, and markets a coolant additive product under the "AUTOLIFE" trademark. Dkt. #1 at ¶ 19. In Plaintiff's original complaint, which did not include Mepco as a Defendant, Plaintiff asserted claims against US Fidelis, Inc. and Crescent Manufacturing Company, LLC for unfair competition, dilution, and cyberpiracy under § 43(a) of the Lanham Act (15 U.S.C. § 1125), as well as state law claims for trademark

infringement, fraudulent misrepresentation, injury to business reputation, and tortious interference with contract. Dkt. #1.  In the amended complaint, Plaintiff joined Mepco as a Defendant, and further alleges that Defendants are infringing on its AUTOLIFE mark by "selling automobile additive products using a deceptively similar mark in the product names, such as 'AUTOLIFEXTEND MOTOR 12000,' 'AUTOLIFEXTEND GAS 12000' and 'AUTOLIFEXTEND GAS CONDITIONER'[.]" Dkt. #8 at ¶ 22.  Plaintiff contends that Defendants are utilizing these trade names to capitalize on the reputation of Plaintiff's product and that Defendants are able to do so because, as Plaintiff's former customers, they have inside knowledge of Plaintiff's customer base.  *Id.* at ¶ 27.  In Plaintiff's words, Defendants took these actions "with full knowledge and conscious disregard of Plaintiff's prior and superior rights in the AUTOLIFE mark." *Id.* at ¶ 34; *see id.* at ¶ 21.[1]

Defendant Mepco has filed a motion to dismiss the claims against it in the second amended complaint on the ground that it fails to satisfy the pleading requirements of Rules 8(a)(2) and 9(b) and fails to "allege a single, specific fact against . . . Mepco." Dkt. #34.

**II.   Analysis.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).  A complaint need not allege detailed facts to survive a Rule 12(b)(6) motion; "rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This standard requires "more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court

---

[1] Defendant Mepco raises for the first time in its reply brief an argument that Plaintiff may not actually own rights to the AUTOLIFE mark. Dkt. #51 at 5 n.2.  The Court will not consider arguments made for the first time in a reply brief. *Delgadillo v. Woodward*, 527 F.3d 919, 930 n.4 (9th Cir. 2008).

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

The amended complaint contains only three direct references to Defendant Mepco. Dkt. #8 at ¶¶ 3, 11, 25. The first two references relate to Rule 8(a)(1)'s jurisdictional requirements. *Id.* at ¶¶ 3, 11. The third reference is the only one of the three that makes a substantive factual allegation: "Defendant Mepco finances the warranty contracts for Defendants US Fidelis and Crescent Manufacturing, and aided Defendants US Fidelis and Crescent Manufacturing in selling the AUTOLIFEEXTEND products." *Id.* at ¶ 25. This single factual allegation against Defendant Mepco creates nothing more than a "sheer possibility that [Mepco] has acted unlawfully," and fails to notify Mepco of the nature of the claims against it. *Iqbal*, 129 S. Ct. at 1949. Neither this allegation nor any other allegation in the complaint explains how Mepco's financing or aid to US Fidelis and Crescent Manufacturing violated the Lanham Act, infringed on Plaintiff's mark, or gave rise to any of the various state law causes of action. The allegation creates a loose connection between Mepco and the other Defendants, but it does not explain how that connection makes Mepco's actions illegal.

The amended complaint's remaining allegations speak generally of the "Defendants" and fail to specify exactly what each Defendant did to violate the law. For example, Plaintiff alleges that "Defendants have acted in bad faith and/or deliberately and intentionally to infringe upon Plaintiff's mark[.]" Dkt. #8 at ¶ 54. This allegation, and several others, simply groups the Defendants together and refers to them collectively. They do not enable the Court reasonably to infer that every Defendant is liable for every claimed wrong.

By its own admission, all of Plaintiff's references to the "Defendants" were not intended to include Defendant Mepco. Dkt. #36 at 5. Specifically, Plaintiff acknowledges that its claims for constructive and actual fraud were not meant to apply to Mepco, despite the fact that those claims generically refer to "Defendants" *Id.*; *see* Dkt. #8 at ¶¶ 74, 77, 82,

1  85, 89, 90, 94.[2]  Plaintiff does not specify, however, which of the amended complaint's
2  remaining references to "Defendants" does include Mepco. Accordingly, neither Mepco nor
3  the Court can determine which claims in the amended complaint are asserted against Mepco
4  and which are asserted against the other Defendants.

5  Moreover, several of these general allegations do not permit a reasonable inference
6  that Mepco acted illegally.  In one example, Plaintiff alleges that "Defendants . . . wrongfully
7  registered and used the confusingly similar AUTOLIFEXTEND.COM" as a domain name
8  to market the infringing products. Dkt. #8 at ¶ 48. Plaintiff also alleges that Defendants US
9  Fidelis and Crescent Manufacturing operated the offending website.  *Id.* at ¶ 23.  The
10 complaint does not allege at any point that Mepco was involved with operating the website.
11 Thus, the reasonable inference from this allegation is that US Fidelis and Crescent
12 Manufacturing – not Mepco – violated Plaintiff's trademark rights by operating the website,
13 despite the fact that Mepco is presumably one of the "Defendants" against whom the claim
14 is made.  This is but one of many instances where Plaintiff refers generally to "Defendants."

15 Plaintiff contends that some of the allegations against the "Defendants," when
16 assumed to be true and considered with the lone specific allegation against Mepco,
17 sufficiently tie Mepco to illegal infringing activity. Plaintiff points to paragraph 21 of the
18 amended complaint: "Defendants were aware of Plaintiff's long-standing use of the
19 AUTOLIFE mark because Defendant US Fidelis sold Plaintiff's products for several years
20 and acted as one of Plaintiff's agents in marketing the products to both dealers and
21 consumers."  Dkt. 8 at ¶ 21.  According to Plaintiff, this paragraph establishes a plausible
22 claim against Mepco because Mepco knew Plaintiff owned the mark for five years and knew
23 the other Defendants were infringing on the mark, but chose to continue financing the other
24 Defendants' products.  Dkt. #36 at 2.  The Court is not convinced.  Plaintiff refers to
25 "Defendants" generically at the beginning of the paragraph, but the language suggests that

---

27  [2] In light of the concession that Plaintiff did not intend to assert claims for fraud
against Defendant Mepco, the Court need not consider Mepco's argument that Plaintiff failed
28 to satisfy the heightened pleading requirements for fraud under Rule 9(b).

Defendant US Fidelis – not Defendant Mepco – had knowledge that Plaintiff owned the AUTOLIFE mark "because *US Fidelis* sold Plaintiff's products for several years." Dkt. 8 at ¶ 21 (emphasis added).

Even if the Court assumed Mepco was one of the "Defendants" that allegedly had knowledge, the amended complaint does not contain any factual statements that explain why that knowledge was enough to make Mepco's financing activities illegal. In other words, Plaintiff does not show why Mepco's knowledge that Plaintiff owned the AUTOLIFE mark makes its financing of U.S. Fidelis' and Crescent Manufacturing's products illegal. Paragraph 21 simply does not allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S. Ct. at 1949, because it does not contain "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570.

Plaintiff attempts to cure these deficiencies in its response brief (Dkt. #36), by alleging facts not contained in the amended complaint. Specifically, Plaintiff sets forth the circumstances by which Mepco learned that Plaintiff owned the AUTOLIFE mark and the circumstances by which Mepco learned that the remaining Defendants were selling products under a similar mark. *Id.* at 2-4. Moreover, Plaintiff argues for the first time that Mepco is liable for "indirect infringement" for financing commercial purchases of products that it knew violated Plaintiff's mark. *Id.* at 2.

Generally, in analyzing a Rule 12(b)(6) motion, the Court is prohibited from considering material beyond the pleadings. *See Inlandboatmens Union of Pacific v. Dutra Group*, 279 F.3d 1075, 1083 (9th Cir. 2009); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Indeed, "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Therefore, the Court may not consider the new allegations in Plaintiff's response to Defendant Mepco's motion.

**IT IS ORDERED:**

1. Defendant Mepco Finance Corporation's motion to dismiss (Dkt. #34) is **granted**.

2. Plaintiff's request for leave to amend its complaint (Dkt. #36) is **granted**. Plaintiff shall file an amended complaint by **April 16, 2010**.

DATED this 25th day of March, 2010.

_____
David G. Campbell
United States District Judge