**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prestige Administration, Inc., an Arizona corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>US Fidelis, Inc., a Missouri corporation; et al.,<br><br>    Defendants. | No. CV09-1804-PHX-DGC<br><br>**ORDER** |

Defendant Cory Atkinson has filed a motion to dismiss the claims against him pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Dkt. #68. The motion is fully briefed. Dkt. #88, 89. Defendants Darain and Mia Atkinson ("the Atkinsons") have filed a motion to set aside the Clerk's entry of default against them. Dkt. #78. Plaintiff Prestige Administration, Inc. opposes the motion. Dkt. #84. No party has requested oral argument. For reasons that follow, the Court will grant Atkinson's motion to dismiss, and will grant the Atkinsons' motion to set aside.

**I.    Atkinson's Motion to Dismiss.**

    **A.    Background.**

Prestige manufactures, distributes, and markets a coolant additive product under the "AUTOLIFE" trademark. Dkt. #1 at ¶ 19. Cory Atkinson, a resident of Missouri, is the vice president of two of the corporate Defendants in this matter – US Fidelis, Inc. and Crescent Manufacturing Company, LLC. Dkt. #8 at ¶ 15. In Plaintiff's first amended complaint, Plaintiff alleges that Defendants, which include Atkinson and his two companies, are

infringing on its AUTOLIFE mark by "selling automobile additive products using a deceptively similar mark in the product names, such as 'AUTOLIFEXTEND MOTOR 12000,' 'AUTOLIFEXTEND GAS 12000' and 'AUTOLIFEXTEND GAS CONDITIONER'[.]" Dkt. #8 at ¶ 22 (capitalization in origianl).

Atkinson has filed a motion to dismiss the complaint on two grounds: (1) Prestige cannot show that this Court has personal jurisdiction over him, and (2) Prestige's complaint fails to state a claim against him. Dkt. #69. The Court agrees that Prestige has failed to show that this Court has personal jurisdiction over Atkinson.[1]

**B.  Personal Jurisdiction.**

Atkinson argues that this Court lacks both general and specific personal jurisdiction over him. Dkt. #69 at 3-5. Prestige concedes that this Court does not have general jurisdiction over Atkinson, but argues that it has specific jurisdiction over him. Dkt. #88 at 2 n.2, 3.

The Ninth Circuit applies a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject him to specific jurisdiction. Such jurisdiction exists only if (1) the defendant purposefully availed himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directs conduct at the forum that has effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice – it is reasonable. *See, e.g., Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997)).

The plaintiff bears the burden of establishing personal jurisdiction. *See, e.g., Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Indeed, "the plaintiff is obligated to come forward with facts, by affidavit or otherwise, supporting personal

---

[1] Because the Court finds that Prestige has failed to show personal jurisdiction, the Court will not consider Atkinson's second argument.

jurisdiction" over the defendant. *Cummings v. W. Trial Lawyers Ass'n*, 133 F. Supp.2d 1144, 1151 (D. Ariz. 2001) (internal quotations and citations omitted). When a court makes this determination without holding an evidentiary hearing (the parties have not requested one in this case), the plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). That is, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Id.*; *see Bancroft*, 223 F.3d at 1085 ("Where . . . the district court does not hold an evidentiary hearing but rather decides the jurisdictional issue on the basis of the pleadings and supporting declarations, we will presume that the facts set forth therein can be proven.").

Atkinson argues that Prestige has not put forward facts showing that any of the three requirements for specific jurisdiction are met. The Court agrees that Prestige has failed to show that the first requirement is met, and need not consider the other two requirements.

In determining whether specific jurisdiction exists, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (emphasis added). The Supreme Court has held that a court may also have specific jurisdiction over a defendant where the intended effects of the defendant's non-forum conduct were purposely directed at and caused harm in the forum state. *Calder v. Jones*, 465 U.S. 783, 788-90 (1984) (adopting "effects test" for libel, invasion of privacy, and intentional infliction of emotional distress claims where defendant's Florida conduct had "effects" in California, the forum state).

In this case, the contacts which Atkinson is alleged to have had with Arizona resulted from actions that Atkinson took in his capacity as an officer of his two companies. Dkt. #88 at 3. As a result, the Court must determine whether the "fiduciary shield" doctrine prevents it from exercising specific jurisdiction over Atkinson. "Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989). Instead, there must be a reason for a court

1 to disregard the corporate form and find jurisdiction. *Id.* "Because the corporate form serves
2 as a shield for the individuals involved for purposes of liability as well as jurisdiction, many
3 courts search for reasons to pierce the corporate veil in jurisdictional contexts parallel to
4 those used in liability contexts. Thus, the corporate form may be ignored in cases in which
5 the corporation is the agent or alter ego of the individual defendant; or where there is an
6 identity of interests between the corporation and the individuals." *Id.* at 520-21 (internal
7 citations and quotations omitted). If the Court finds that the corporate veil cannot be pierced
8 as to Atkinson, then actions taken in his capacity as a corporate officer cannot show that he
9 purposefully availed himself of the forum state.

10 Because Prestige bears the burden of showing that this Court has specific jurisdiction
11 over Atkinson, it also bears the burden of showing that the Court should pierce the corporate
12 veil so as to find personal jurisdiction. Prestige argues that it has made a prima facie
13 showing that Atkinson purposefully directed his conduct toward Arizona based on his actions
14 in governing his two companies. Dkt. #88 at 2. Prestige contends that this is a case where
15 the corporate form should be ignored because Atkinson is the alter ego of his companies. *Id.*
16 at 2-3. But Prestige does not point to any statements in the pleadings or to any supporting
17 declarations which tend to show that the corporate veil should be pierced or that Atkinson
18 was the alter ego of his companies. *Id.* at 5. Rather, Prestige relies exclusively on one piece
19 of evidence – a memorandum filed by the State of Missouri in a bankruptcy proceeding
20 against US Fidelis, in which the State alleges that Atkinson was the alter ego of US Fidelis,
21 that he failed to respect corporate forms, that he comingled funds, and that Atkinson, "by
22 virtue of [his] position . . . ultimately hold[s] every last ounce of legal control over [US
23 Fidelis]." Dkt. #88-1 at 1-21. The memorandum does not contain evidence to support this
24 allegation, and the only evidence attached to the memorandum is an affidavit from Philip
25 Jehle, the Chief Financial Officer of US Fidelis, which, even taken as true, does not show
26 that "the corporation is the . . . alter ego" of Atkinson or that "there is an identity of interests
27 between the corporation" and Atkinson. *Davis*, 885 F.2d at 520-21; Dkt. #88-1 at 17-21. At
28 most, Jehle's affidavit shows that Atkinson "took excessive cash distributions from the

company" – a fact that, standing alone, is not sufficient to pierce the corporate veil. *See Davis*, 885 F.2d at 520-521 (stating that the corporate form may be ignored "when the corporation is the . . . alter ego of the individual defendant" or where there is an unmistakable identity of interest between the corporation and the individual); Dkt. #88-1 at 19-20. Because the memorandum otherwise contains only legal arguments, the Court cannot find that it is sufficient to show that the veil should be pierced.[2] Without such a showing, the Court cannot find that Atkinson personally satisfies the purposefully availed requirement of specific jurisdiction. Because Prestige has failed to meet its burden of making a prima facie showing that personal jurisdiction exists, the Court will grant Atkinson's motion to dismiss pursuant to Rule 12(b)(2).[3]

## II. Darain and Mia Atkinson's Motion to Set Aside Default.

On January 18, 2010, the Atkinsons were served with process at their residence. Dkt. ##39, 40. On March 12, 2010, the Clerk of Court entered default against them based on their failure "to timely answer or otherwise respond to the Complaint" in this action. Dkt. #77 at 1. On March 17, 2010, the Atkinsons filed a motion to set aside the entry of default. Dkt. #78. According to the Atkinsons, their failure to respond was due to confusion regarding their attorneys and "uncertainty" regarding their financial situation. *Id.* at 1. They argue that the motion should be set aside because they have shown good cause for their failure to respond. *Id.* at 1-4.

In this circuit, a motion to set aside an entry of default may be granted at the discretion of the court for "good cause" under Federal Rule of Civil Procedure 55(c). The defendants

---

[2] Prestige also argues that the Court can pierce the corporate veil when a "corporate employee is the moving, active, conscious force behind the infringing activity." Dkt. #88 at 4 (quoting *Matsunoki Group, Inc. v. Timberwork Or., Inc.*, No. C 08-04078 CW, 2009 WL 1033818, *3 (N.D. Cal. Apr. 16, 2009)). Prestige, however, does not argue that Atkinson was such an employee, nor does it point to any evidence showing that Atkinson was "the moving, active, conscious force" behind the actions of his companies. Dkt. #88 at 4-5.

[3] Because the Court is granting the motion pursuant to Rule 12(b)(2) and not Rule 12(b)(6), the Court will deny Prestige's request to amend the complaint. *See* Dkt. #88 at 9.

1  bear the burden of showing "good cause" and must show that (1) they did not engage in
2  culpable conduct that led to the default, (2) they had a meritorious defense to the causes of
3  action against them, and (3) reopening the default judgment would not prejudice the plaintiff.
4  *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir.
5  2004).

### A. Culpable Conduct.

"'[A] defendant's conduct is culpable if [it] has received . . . notice of the filing of the action and *intentionally* failed to answer.'" *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697-98 (9th Cir. 2001) (emphasis in original), *overruled on other grounds*, *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147-50 (2001) (citation omitted). In *TCI Group*, the court stated that "intentional" means willful, deliberate, or in bad faith. *Id.* The court, however, seemed to require a finding of bad faith as shown by the excerpts below:

> Neglectful failure to answer as to which the defendant offers a credible, *good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process* is not "intentional" under our default cases[.] *Id.* at 697 (emphasis added).
>
> We [have] explained that "culpability" involves "not simply nonappearance following receipt of notice of the action, but rather *conduct which hindered judicial proceedings*[.] *Id.* at 698 (emphasis added) (citation omitted).
>
> [W]e have typically held that a defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a *devious, deliberate, willful, or bad faith failure to respond*. *Id.* (emphasis added).

The Atkinsons argue that their conduct was not culpable because "[t]here has been considerable uncertainty" regarding their situation. Their attorneys withdrew as counsel for them on the same day that the motion for default was filed, and they have attempted to find new counsel but have been unsuccessful. Dkt. #78 at 1-2. Prestige argues that the Atkinsons' conduct was culpable because it shows a pattern of delay and because the Atkinsons clearly can afford an attorney. Dkt. #84 at 2-4. But Prestige has failed to cite any legal authority showing that a defendant is culpable for a failure to respond merely because

he has difficulty finding an attorney, or because his actions cause delays. Because the Atkinsons have provided an explanation for their default that is inconsistent with a "devious, deliberate, willful, or bad faith failure to respond," the Court does not find that they are culpable. *TCI Group*, 244 F.3d at 698.

### B. Meritorious Defense.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Id.* at 700. The burden, however, "is not extraordinarily heavy." *Id.* The Atkinsons argue that they have meritorious defenses. First, they argue that Darain has a defense because he "is named in the above referenced action solely in his capacity as President of US Fidelis, Inc.," and that "Plaintiff's entire cause of action is based upon the legal theory of piercing the corporate veil," which Plaintiff cannot prove because it "has failed to allege acts or events by Darain Atkinson which would avail him to the jurisdiction of this court or otherwise render him liable for the corporate defendants." Dkt. #78 at 2. As to Mia Atkinson, they argue that she "has absolutely no connection to any of the Defendants" or to any of the actions of the Defendants. *Id.* at 2-3. The Atkinsons refer the Court to arguments made in Cory Atkinson's motion to dismiss, which the Court discussed above, and Heather Atkinson's motion to dismiss. *Id.* In response, Prestige merely argues that the Atkinsons mentioned no meritorious defenses in their motion. Dkt. #84 at 3. The Court disagrees with this statement. The Atkinsons have stated facts that would constitute defenses to Prestige's claims. *See* Dkt. #78 at 2-3 (arguing that the Court has no personal jurisdiction over the Atkinsons and arguing that Darain Atkinson cannot be liable because the corporate veil cannot be pierced).

### C. Prejudice.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered." *TCI Group*, 244 F.3d at 701. The Atkinsons argue that setting aside the judgment would only cause a "slight delay in resolution of the case" and would not hinder Prestige's ability to pursue its claims. Dkt. #78 at 2. Prestige states that

"any further delay acts to [its] detriment." Dkt. #84 at 3. Because mere delay is insufficient to show prejudice, *TCI Group*, 244 F.3d at 701, the Court does not find that Prestige will be prejudiced by setting aside the default judgment.

**D. Conclusion.**

The Atkinsons have shown "good cause" for their default under the Ninth Circuit's standard. As a result, the Court will grant their motion to set aside the default. Dkt. #78. The Atkinsons shall file an answer or other responsive pleading by **May 7, 2010**. This deadline is firm, regardless of whether the Atkinsons are able to retain counsel before the deadline. Should the Atkinsons fail to file an answer or a responsive pleading by that deadline, Prestige may again request that default to be entered against them.

**IT IS SO ORDERED:**

1. Defendant's motion to dismiss (Dkt. #68) is **granted**.
2. Defendants' motion to set aside the Clerk's entry of default (Dkt. #78) is **granted**.
3. Defendants Darain and Mia Atkinson must file an answer or other responsive pleading to the complaint by no later than **May 7, 2010**.

DATED this 15th day of April, 2010.

_____
David G. Campbell
United States District Judge